UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br>Plaintiff,<br>v.<br>FAREED SEPEHRY-FARD,<br>Defendant. | Case No. 5:19-cv-02181-EJD<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED TO STATE COURT**<br><br>Re: Dkt. No. 1 |

Defendant Mr. Sepehry-Fard has removed this state court unlawful detainer action to federal court pursuant to 28 U.S.C. § 1443 (Dkt. 1) and has filed cross claims against numerous Cross Defendants (Dkt. 4). Cross Defendants have not been served as of this Order.

"At any time during the proceedings, a district court may *sua sponte* remand a case to state court if the court lacks subject matter jurisdiction over the case." *U.S. Bank, N.A. v. Lucore*, 2018 WL 5832197, at *4 (S.D. Cal. Nov. 5, 2018) (citing 28 U.S.C. § 1447(c)). Section 1443 states that a state court proceeding may be removed to federal court if it is "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof," or "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443. The Supreme Court has held that "the phrase 'any law providing for . . . equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality." *Georgia. v. Rachel*, 384 U.S. 780, 792 (1966). Removal is therefore appropriate where the party seeking removal "asserts . . . rights that are given to them by explicit statutory enactment

Case No.: 5:19-cv-02181-EJD
ORDER TO SHOW CAUSE

1

protecting equal racial civil rights [and] that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Bartlett v. Citibank, N.A.*, 2019 WL 199943, at *1 (N.D. Cal. Jan. 15, 2019) (citing *Rachel*, 384 U.S. at 794-804). "The burden of proof is on the party invoking the removal statute." *Lucore*, 2018 WL 5832197, at *4.

On their face, neither the removal notice nor the cross claims identify a statute protecting equal racial rights that the state court in the underlying action will not enforce, nor a state law or constitutional provision that directs the state court to ignore those rights. Dkt. 1; Dkt. 4.

Accordingly, the Court ORDERS that **_before 8:00 a.m. P.D.T. on Thursday, April 25, 2019_**, Mr. Sepehry-Fard must file a brief with the Court showing cause why this case should not be remanded to state court. Plaintiff shall have until 1:00 p.m. P.D.T. on Thursday, April 25, 2019 to respond. The Court will then take the matter under submission.

**IT IS SO ORDERED.**

Dated: April 24, 2019

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:19-cv-02181-EJD
ORDER TO SHOW CAUSE

2