United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>FAREED SEPEHRY-FARD,<br><br>Defendant. | Case No. 5:19-cv-02181-EJD<br><br>**ORDER REMANDING CASE TO SANTA CLARA COUNTY SUPERIOR COURT**<br><br>Re: Dkt. No. 1 |

Defendant Mr. Sepehry-Fard has removed this state court unlawful detainer action to federal court pursuant to 28 U.S.C. § 1443 (Dkt. 1) and has filed cross claims against numerous Cross Defendants (Dkt. 4). Because the removal notice and the cross claims, on their face, did not show that removal was appropriate, the Court ordered Defendant to file a brief showing cause why this case should not be dismissed. Dkt. 8. The Court also allowed Plaintiff U.S. Bank to respond. *Id.* Defendant did not address the Order to Show Cause, but rather filed a document purporting to remove the case to the International Criminal Court in the Hague. Dkt. 10. Plaintiff filed a response to the Order to show cause. Dkt. 11. For the reasons stated below the Court remands the case to the Santa Clara County Superior Court.

Defendant has removed this case to the District Court for the Northern District of California once before on December 21, 2017. *See U.S. Bank, N.A., etc. v. Fareed Sepehry-Fard*, no. 5:17-cv-07241-BLF (N.D. Cal.). Plaintiff moved to remand, and Defendant filed an opposition. *See* Dkt. 11-1. Judge Freeman ordered the case remanded to the Superior Court. *See* Dkt. 11-2. Plaintiff appealed Judge Freeman's order, and the Ninth Circuit summarily affirmed. *See* Dkt. 11-3.

"At any time during the proceedings, a district court may *sua sponte* remand a case to state court if the court lacks subject matter jurisdiction over the case." *U.S. Bank, N.A. v. Lucore*, 2018 WL 5832197, at *4 (S.D. Cal. Nov. 5, 2018) (citing 28 U.S.C. § 1447(c)).

Case No.: 5:19-cv-02181-EJD
ORDER REMANDING CASE TO SANTA CLARA COUNTY SUPERIOR COURT
1

As noted in the Order to Show Cause, Defendant alleges no facts showing that removal is proper under 28 U.S.C. § 1443. To remove a case under this section, a party must satisfy a two-part test. "First, the petitioners must assert . . . rights that are given to them by explicit statutory enactment protecting equal racial civil rights. . . . Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Bartlett v. Citibank, N.A.*, 2019 WL 199943, at *1 (N.D. Cal. Jan. 15, 2019) (citing *Georgia. v. Rachel*, 384 U.S. 780, 794-804 (1966)). The removal notice does not identify any state statute that purportedly directs the state court to ignore his federally protected rights. *See* Dkt. 1. Nor did he raise any such defenses in his Answer in the Superior Court. *See* Dkt. 11-4.

Further, "[o]nce a district court certifies a remand order to state court it is divested of jurisdiction and can take no further action on the case." *Seedman v. United States Dist. Court*, 837 F.2d 413, 414 (9th Cir. 1988) (citations omitted). "[A] second removal petition based on the same grounds does not 'reinvest' the court's jurisdiction." *Id*. A second removal can only be appropriate when "when subsequent pleadings or events reveal a new and different ground for removal." *Kirkbride v. Cont'l Cas. Co.*, 933 F.2d 729, 732 (9th Cir. 1991). During his prior attempt to remove this case, he opposed remand on section 1443 grounds. Dkt. 11-1 at 5, 10, 13. Judge Freeman ruled that removal was improper under section 1443. Dkt. 11-2 at 4-5.

Defendant has failed to show that removal is proper under section 1443. And, this is his second attempt to remove this case pursuant to that section. Accordingly, the Court REMANDS the case to the Santa Clara County Superior Court. Because the Court finds that it lacks jurisdiction over the matter, it does not address Defendant's purported removal of the case to the International Criminal Court.

The Clerk shall provide a copy of this Order to the Santa Clara County Superior Court as expeditiously as possible. The Clerk shall also close the file.

**IT IS SO ORDERED.**

Case No.: 5:19-cv-02181-EJD
ORDER REMANDING CASE TO SANTA CLARA COUNTY SUPERIOR COURT
2

Dated: April 25, 2019

_____
EDWARD J. DAVILA
United States District Judge